UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OKERA KIRK, | ) | CASE NO. 1:08-cv-02809, 1:05-cr-00284 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** |
| | ) | |

This matter comes before the Court upon Petitioner Okera Kirk's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Case No. 1:08-cv-02809, Doc. 1; Case No. 1:05-cr-00284, Doc. 36. The Court has been advised, having reviewed the petition, Respondent's Opposition to Motion for Relief Pursuant to 28 U.S.C. § 2255, and Petitioner's Reply to Government's Response to Petitioner's 2255 Motion. For the reasons set forth below, Kirk's motion is DENIED.

**I. Facts**

On June 8, 2005, Kirk was indicted on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On August 25, 2005, Kirk entered into a plea agreement with the Government in which he agreed to plead guilty to the charged offense. The Court[1] accepted Kirk's guilty plea, classified him as an Armed Career Criminal and on

---

[1] On January 26, 2011, this case was transferred to the undersigned pursuant to General Order 2011-3. Although the undersigned was not the sentencing court, "the Court" is used interchangeable to refer to the sentencing court as well as the undersigned.

1

November 7, 2005, sentenced him to 190 months imprisonment.  On November 14, 2005, Kirk filed his notice of appeal from the Court's judgment, arguing that he was not competent to plead guilty because he was a drug addict.  On August 27, 2007, the Sixth Circuit issued its opinion and concluded that Kirk's plea was knowingly and voluntarily made.  On October 23, 2007, the Sixth Circuit issued the mandate affirming the judgment of the Court. On December 1, 2008, Kirk filed a timely motion for relief pursuant to 28 U.S.C. § 2255.  Kirk asserts that he was denied the effective assistance of counsel during sentencing and on direct appeal because the stated prior convictions did satisfy the qualifications to trigger the application of the Armed Career Criminal provision.  The Government responds that Kirk waived his right to collaterally attack this sentence and that he was not denied effective assistance of counsel because his convictions qualified as predicate convictions for an Armed Career Criminal application.

## II. Law and Analysis

*<u>Waiver</u>*

The Government asserts that in his plea agreement, Kirk waived his right to collaterally appeal the judgment.  However, a review of the plea agreement reveals that although Kirk did indeed waive his right to collaterally appeal the judgment, the relevant paragraph further explains that "[n]othing in this paragraph shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of effective assistance of counsel or prosecutorial misconduct."

The Court notes that Kirk acknowledged in his plea agreement that he understood that the Government had filed a notice setting forth three prior convictions for violent felonies and a serious drug offense, and therefore invoked the Armed Career Criminal penalty enhancement.

He further acknowledged that as a consequence of the penalty enhancement, the statutory penalty for the indictment was a maximum of life imprisonment and a mandatory minimum of 15 years imprisonment. The Court determined that Kirk entered his plea knowing and voluntarily and the Sixth Circuit affirmed. In his petition Kirk attempts to circumvent his waivers by asserting that his counsel was ineffective for failing to argue that his prior convictions did not qualify as predict offenses for the penalty enhancements. Assuming for the sake of argument that Kirk's ground for his petition is that his counsel was ineffective; his petition is properly before the Court. His underlying argument, however, is without merit.

### *Effective Assistance of Counsel*

The standard for ineffective assistance of counsel is a two-part test set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). First, Kirk must show that his counsel's performance was deficient. *Id.* at 687. Counsel must not merely have erred, but erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed … by the Sixth Amendment." *Id.* Second, Kirk must show that his counsel's conduct deprived him of a fair trial and that the result of the trial is therefore unreliable. *Id.* Essentially, Kirk contends that his counsel at sentencing and on direct appeal were ineffective for failing to argue or to inform him that the prior convictions upon which the Court relied to determined that Kirk was an Armed Career Criminal were not qualifying convictions.

On August 22, 2005, the Government filed Information regarding Kirk's prior convictions. It listed his prior convictions as escape, assault, trafficking in cocaine, felonious

assault, and aggravated vehicular assault.[2] In its response to Kirk's petition, the Government sufficiently sets forth why his convictions for assault, felonious assault and aggravated vehicular assault comprised the three predict offenses required to establish Kirk as an Armed Career Criminal.[3] Upon review, the Court agrees with the Government's reasoning and thereby adopts its analysis on this point. Kirk, therefore, cannot show that his counsels' performance was deficient. *Strickland* at 687. Accordingly, Kirk's motion is DENIED.

### III. Conclusion

For the reasons stated above, Kirk's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is hereby DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

February 4, 2011  /s/ John R. Adams
 JUDGE JOHN R. ADAMS
 UNITED STATES DISTRICT COURT

---

[2] Kirk consistently refers to "Escape and Assault" as if it were one conviction. However, it is clear from the Government's Information that "Escape and Assault" are two separate convictions, simply listed together because they arose from the same prior case number.

[3] The Government acknowledges that Kirk's trafficking in cocaine conviction fails to qualify as a predict offense. Further, inasmuch as there are three other qualifying convictions, the Government declined to address whether the escape conviction, in light of the decision of *United States v. Chambers*, 555 U.S. 122 (2009), is a violent felony for purposes of the Armed Career Criminal Act. Similarly, the Court finds no reason to address Kirk's argument on this point.